**Paulino Bartolo LUCERO MENDEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

Nos. 04–71977.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

Carlos Vellanoweth, Esq., John Wolfgang Gehart, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Paulino Bartolo Lucero Mendez and Feliz Reyes–Salos, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal and denying their motion to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review questions of law de novo, *Ladha v. INS*, 215 F.3d 889, 896 (9th Cir.2000), and the BIA's denial of a motion to remand for abuse of discretion, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We deny the petition for review.

Petitioners did not comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988) when setting forth their ineffective assistance of counsel claim. Although we have not always required strict adherence to *Lozada* where ineffective assistance of counsel is apparent from the record, *see Castillo–Perez v. INS*, 212 F.3d 518, 526 (9th Cir.2000), the record, including an undated contract for services with La Guadalupana, does not establish that La Guadalupana represented Petitioners at the time of their removal hearing. Further, Petitioners did not demonstrate prejudice as a result of the alleged ineffective assistance because they did not establish that they were denied any "plausible grounds for relief." *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 828 (9th Cir.2003). Accordingly, the BIA did not err in dismissing their appeal. *See Castillo–Perez*, 212 F.3d at 525.

Likewise, the BIA did not abuse its discretion in denying Petitioners' motion to remand the case for administrative closure because, pursuant to 8 C.F.R. § 245a.13(f), Petitioners' orders of removal cannot be enforced against them while their legalization applications remain pending. *See Singh v. INS*, 213 F.3d 1050, 1052 (9th

Cir.2000) (the BIA does not abuse its discretion unless it acts arbitrarily, irrationally, or contrary to law) (quotation omitted).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**